FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAR 27 PM 2: 57
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BOBBY MINOR,             )
                         )
        Plaintiff,       )
                         )
v.                       )   CV 111-070
                         )
DENNIS BROWN, et al.,    )
                         )
        Defendants.      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia Diagnostic and Classification Prison in Jackson, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding *in forma pauperis* ("IFP"), the Court screened his original complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a prior Report and Recommendation ("R&R"), the Court found that Plaintiff's complaint failed to state a claim upon which relief could be granted and recommended that the complaint be dismissed. (Doc. no. 13.) Following issuance of the R&R, Plaintiff filed a motion for leave to file an amended complaint. (Doc. no. 16.) The Court granted the motion to amend, providing instructions for Plaintiff to follow in amending his pleadings. (Doc. no. 17.)

---

[1] Although he is currently confined at Georgia Diagnostic and Classification Prison, Plaintiff's complaint concerns events that allegedly occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. (See doc. no. 1.)

Plaintiff has now filed his amended complaint in compliance with the Court's instructions.[2] Because the amended complaint supersedes the original complaint, in a simultaneously issued Order, the Court has vacated its prior R&R screening the original complaint. Thus, Plaintiff's amended complaint must be screened in accordance with the IFP statute. Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

In his amended complaint, Plaintiff names the same four Defendants as in his original complaint: (1) Dennis Brown, the Warden at ASMP; (2) Scott Wilkes, Deputy Warden of Care and Treatment at ASMP; (3) Donna Young, Mental Health Director at ASMP; and (4) Lisa Mayo, Mental Health Unit Manager at ASMP. (Doc. no. 19, pp. 1-2.)

Plaintiff alleges that he was assigned to ASMP's "Highmax S.L.U. Program" in March of 2011. (Id. at 2.) According to Plaintiff, the program is for "seriously mentally ill inmates," and he complains that his placement in the program was inappropriate because he

---

[2]Plaintiff submitted three copies of his amended complaint, each of which was filed as a separate entry on the docket. (Doc. nos. 19, 20, 23.) Plaintiff appears to have provided the latter two copies for the purpose of effecting service of process; whatever the intended purpose of these additional copies, the Court notes that Plaintiff has filed a single version of his amended complaint three times, not three distinct complaints. For ease of reference, the Court will refer to the first of these amended complaints (doc. no. 19) as the operative pleading in this case.

is not mentally ill. (Id.) Plaintiff alleges that he was not screened or evaluated to ensure that he needed to be placed in the program. (Id.)

Plaintiff further maintains that his assignment to the program resulted in the temporary loss of access to his personal property and his "visitation, phone, and commissary" privileges. (Id.) Plaintiff also states that, as a result of his placement in the program, he could not eat with a spoon for two weeks, had to sleep under a "humane restraint blanket," and was prohibited from cleaning his cell.[3] (Id.) Moreover, Plaintiff claims that he was forced to undergo treatment in the program that he neither wanted nor needed in the form of "therapeutic, recreational and group skills activities." (Id. at 3.) Plaintiff additionally asserts that the conditions of his confinement at ASMP during the time period in question somehow caused him to develop "a real bad skin rash that ripped and bled on and off for a month and a[n] infection in the mouth." (Id.)

Plaintiff reports that he notified Defendants Young, Mayo, and Brown of these issues and that each of them failed to address his concerns. (Id.) He also states that he filed a grievance regarding these issues, which Defendant Wilkes "falsely rejected" without conducting an investigation. (Id.)

Furthermore, Plaintiff alleges that in May of 2002, he and two other inmates were approached by an "out of state psychiatrist" visiting the prison, who was accompanied by

---

[3]Plaintiff specifies that while he was prohibited from using cleaning products or cleaning his cell, an officer or inmate orderly would sweep and mop the floor of the cell. (Doc. no. 19, p. 2.)

3

Defendant Wilkes. (Id. at 3-4.) According to Plaintiff, he and his companions complained to the psychiatrist that forced participation in the program violated their rights and caused them to live in "awful conditions of confinement," and that Defendants Young, Mayo, and Brown failed to address these issues. (Id. at 4.) Plaintiff avers that a week later, Defendant Young approached him and other inmates, inquiring about who had complained to the visiting psychiatrist and telling them that she would find out the identities of those responsible. (Id.) Plaintiff alleges that shortly thereafter, Defendants Young, Mayo, and Brown caused him and the other inmates who had complained to the visiting psychiatrist to spend 30 days in solitary confinement, where they were disallowed access to their personal property along with their phone and commissary privileges. (Id.)

In his prayer for relief, Plaintiff requests an award of monetary damages against each Defendant. (Id. at 7.)

## II. DISCUSSION

### A. No Due Process Claim for Improper Placement in ASMP's "Highmax S.L.U. Program"

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the amended complaint fails to state a viable due process claim based on his assignment to ASMP's "Highmax S.L.U. Program" for mentally ill inmates.

For Plaintiff's right to due process to have been violated, he must have been deprived of life, liberty, or property; absent such deprivation, Plaintiff may not prevail on a due

4

process claim irrespective of alleged procedural deficiencies regarding determinations by prison officials that affect the conditions of his confinement. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In determining whether a protected interest is implicated and the Due Process Clause attaches in the prison context, the expectations created by state regulations are not conclusive, the nature of the sanctions imposed are. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Sanctions imposed by prison officials on inmates do not implicate due process concerns unless the sanctions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (no due process violation unless "a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court" or "the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit imposes atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life" (quoting Sandin, 515 U.S. at 484)).

Here, Plaintiff's allegations regarding the consequences of his assignment to ASMP's "Highmax S.L.U. Program" do not amount to an infringement of a protected life, liberty, or property interest; therefore, irrespective of any procedural inadequacies he alleges, he fails to state a viable due process claim. Plaintiff alleges that his placement in the program was improper because he is not mentally ill and because he was not screened or evaluated to ensure that he needed to be placed in the program. (Doc. no. 19, pp. 1-2.)

Regarding the consequences of his placement in the program, Plaintiff alleges that he temporarily lost his "visitation, phone, and commissary" privileges, as well as access to his personal belongings; he also alleges that, for a limited time, he could not eat with a spoon, had to sleep under a "humane restraint blanket," and was forced to allow others to clean his cell rather than being permitted to clean it himself. (Id. at 2.) These allegations are insufficient as a matter of law to establish the imposition of an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 486 (placement in segregated confinement for 30 days does not infringe on protected liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (*per curiam*) (placement in administrative confinement for two months does not infringe on protected liberty interest).[4] Therefore, Plaintiff has failed to allege that his placement in the institutional program at ASMP infringed on a protected interest.

Furthermore, to the extent that Plaintiff seeks to assert a due process claim based on his assignment to ASMP, such claim must fail because inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Accordingly, Plaintiff's

---

[4]The Court is mindful that the Eleventh Circuit has "assumed" that a disciplinary sanction of twelve months of solitary confinement triggers procedural due process protections under Sandin. See Williams v. Fountain, 77 F.3d 372, 374-75 & n.3 (11th Cir. 1996). The instant case is readily distinguishable from Williams, however, as the alleged consequences of Plaintiff's assignment to the mental health program at ASMP do not approach the severity of a sanction of 12 months of solitary confinement.

6

allegation of being improperly placed in the institutional program at ASMP fails to state a viable § 1983 claim.

## B. No Due Process Claim for Unwanted Medical Care

Plaintiff's allegations are also inadequate to state a claim for being given unwanted medical treatment. "[A] competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment," such as antipsychotic medications or an invasive surgical procedure. Cruzan v. Dir., Mo. Dep't of Health, 497 U.S. 261, 278 (1990); Washington v. Harper, 494 U.S. 210, 223 (1990); see also Runnels v. Rosendale, 499 F.2d 733, 735 (9th Cir. 1974) ("Allegations that prison medical personnel preformed major surgical procedures upon the body of an inmate . . . may foreshadow proof of conduct violative of rights under the Fourteenth Amendment . . . ."). In the prison context, the imposition of unwanted medical treatment is justified such that it does not violate an inmate's due process rights if it is "reasonably related to legitimate penological interests." Washington, 494 U.S. at 223.

Here, Plaintiff attempts to assert a § 1983 claim based on his allegation that he neither needed nor wanted the mental health treatment he received at ASMP. (Doc. no. 19, p. 3.) According to Plaintiff, such treatment consisted of "therapeutic, recreational and group skills activities." (Id. at 3.) While these activities may fall under the definition of "medical treatment" in a broad sense, they are not type of invasive courses of treatment that infringe on an prisoner's right to refuse medical care. Cf. Washington, 494 U.S. at 221-22 (noting

7

that prisoners have a "liberty interest in avoiding the unwanted administration of antipsychotic drugs"); Runnels, 499 F.2d at 735 (noting that "unwanted major surgical procedures upon the body of an inmate" may violate his due process rights and that such rights are rooted in traditional protections against physical assault and violation of bodily privacy by the state). Therefore, Plaintiff's allegation of being forced to participate in "therapeutic, recreational and group skills activities" is insufficient to state a viable claim for receiving unwanted medical treatment.

### C. No Due Process Claim for Mishandling of Grievances

Plaintiff's allegation that Defendant Wilkes "falsely rejected" his grievances without conducting an investigation is likewise insufficient to state a cognizable § 1983 claim. (Doc. no. 19, p. 3.) Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*). Therefore, Plaintiff's allegations regarding Defendant Wilkes' purported mishandling of his grievances fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Ouzts v. Cummins, 825 F.2d 1276,

8

1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983). Because this is the only claim that Plaintiff attempts to assert against Defendant Wilkes, he should be dismissed from this case.

### D. No Eighth Amendment Claim Based on General Conditions of Confinement

Finally, Plaintiff fails to state a valid § 1983 claim that his conditions of confinement at ASMP violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff states that the conditions were unnecessarily "harsh," and he complains that he was forced to rely on others to sweep and mop the floor of his cell rather than being permitted to clean the cell himself. (Doc. no. 19, pp. 3-4.) However, short periods of incarceration in unsanitary conditions are generally insufficient to evidence an Eighth Amendment violation. See, e.g., Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation). Simply put, even assuming that Plaintiff's cell was unsanitary because he had to depend on others to clean it rather than being allowed to do so himself, Plaintiff's allegations fail to demonstrate any deprivation of "the minimal civilized measure of life's necessities." See Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (noting that the fact that the plaintiff had to sleep upon a mattress on the floor or on a table is not necessarily a

constitutional violation). As a result, he fails to state a viable claim based on his allegations regarding the general conditions of his confinement at ASMP.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for improper placement in the institutional program at ASMP, unwanted medical care, mishandling of grievances, and general conditions of confinement be dismissed from this case. The Court further **RECOMMENDS** that Defendant Wilkes be dismissed from this case.[5]

SO REPORTED and RECOMMENDED this 27th day of March, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] In a simultaneously issued Order, the Court has directed that service of process be effected on Defendants Young, Mayo, and Brown based on Plaintiff's First Amendment retaliation claims.