IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUN 29 PM 1:20
CLERK____
SO. DIST. OF GA.

BOBBY MINOR,  )
       Plaintiff,  )
       v.  )   CV 111-070
DENNIS BROWN, et al.,  )
       Defendants.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's motion for entry of default. (Doc. no. 39.) Defendants Brown and Mayo filed a response to the motion, and Defendant Young filed a separate response. (Doc. nos. 43, 44.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for default be **DENIED**.

### I. BACKGROUND

Because he is proceeding IFP, the Court screened Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a prior Report and Recommendation ("R&R"), the Court found that Plaintiff's complaint failed to state a claim upon which relief could be granted and recommended that the complaint be dismissed. (Doc. no. 13.) Following issuance of the R&R, Plaintiff filed a motion for leave to file an amended

complaint. (Doc. no. 16.) The Court granted the motion to amend, providing instructions for Plaintiff to follow in amending his pleadings. (Doc. no. 17.)

Plaintiff filed an amended complaint (doc. no. 23), which superseded his original complaint as the operative pleading in this case. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). The Court then vacated its previous R&R and screened the amended complaint, finding that it arguably stated a viable First Amendment claim of retaliation against Defendants.[1] The Court ordered the U.S. Marshal to effect service of process on Defendants. (Doc. no. 26.) The U.S. Marshal sent each Defendant a request to waive formal service on April 3, 2012. (See doc. nos. 30-32.) All Defendants waived service of process such that their deadline for responding the amended complaint was June 4, 2012.[2] (Id.) On June 1, 2012, Defendant Young responded to Plaintiff's complaint by filing an answer and a motion to dismiss. (Doc. nos. 37, 38.) On June 4, 2012, Defendants

---

[1] Upon screening the amended complaint, the Court recommended that Plaintiff's remaining claims, as well as former-Defendant Wilkes, be dismissed from this case. (Doc. no. 24.) The Honorable J. Randal Hall, United States District Judge, adopted that recommendation as the opinion of the District Court. (Doc. no. 28.)

[2] Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), Defendants had 60 days from the date the waiver request was sent to respond to Plaintiff's amended complaint. Because that date – June 2, 2012 – fell on a Saturday, the parties had until the following Monday – June 4, 2012 – in which to respond to the amended complaint. See Fed. R. Civ. P. 6(a)(1)(C).

Brown and Mayo responded to Plaintiff's complaint by filing a joint motion to dismiss.[3] (Doc. no. 40.)

## II. DISCUSSION

Plaintiff asserts that he is entitled to entry of default because the U.S. Marshal served Defendants "on the 27th - 29th day, March, 2012" such that "[m]ore than 20 days ... elapsed since the date on which [Defendants] were served" without any response. (Doc. no. 39.) Defendants contend that they timely responded to Plaintiff's amended complaint and that entry of default is therefore unwarranted. (Doc. nos. 43, 44.)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thus, a default is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules.

In the instant case, the record reflects that Defendants timely responded to Plaintiff's amended complaint. Contrary to Plaintiff's assertion, the U.S. Marshal sent a request for waiver of service on April 3, 2012, such that, upon waiving service, Defendants had until June 4, 2012, to respond to the amended complaint. Because Defendants filed their respective responses to Plaintiff's amended complaint on or before that date, they have timely defended their cause.

---

[3]The motions to dismiss are currently pending before the Court, along with motions to stay discovery filed by Defendants in conjunction with their respective motions to dismiss. (Doc. nos. 38, 41.) In a simultaneously issued Order, the Court has granted Plaintiff an extension of time in which to respond to the motions to stay.

As a result, the Court finds that Defendants have clearly pleaded or otherwise defended their cause as provided by the Federal Rules and that entry of default is not warranted. Accordingly, Plaintiff's request for entry of default should be denied.[4]

III. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for entry of default be **DENIED.** (Doc. no. 39.)

SO REPORTED and RECOMMENDED this 29th day of June, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] In the instant motion, Plaintiff also asks the Court to answer various questions about this case. (See doc. no. 39, p. 2.) While the Court may not dispense legal advice, it notes that its Order of March 27, 2012, provided information regarding Plaintiff's responsibilities with respect to the prosecution of this action. If Plaintiff requires another copy of the March 27th Order, he pay purchase it from the Clerk of Court at the cost of $.50 per page.